UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE BISMARCK TORREZ VALERIO (A-NUMBER: 246-254-326), Petitioner, v. KRISTI NOEM, *et al.*, Respondents. | Case No. 1:26-cv-2129-TLN-JDP<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner, Jose Bismarck Torrez Valerio, formerly a federal immigration detainee proceeding by counsel, initiated this action with the filing of a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. Pending before the court is petitioner's motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. ECF No. 12. For the reasons set forth below, I recommend that petitioner's motion be granted.

**Relevant Background**

Following the parties' briefing on petitioner's application for temporary restraining order and the merits of the petition, the court granted petitioner's petition for writ of habeas corpus on May 20, 2026, and ordered that respondents release petitioner immediately. ECF No. 10. Judgment for petitioner was entered on May 20, 2026. ECF No. 11.

Petitioner filed his motion for attorney's fees on June 17, 2026. ECF No. 12. The matter was referred to me on June 26, 2026. ECF No. 13. Respondents have filed an opposition. ECF

No. 14. Petitioner has replied. ECF No. 15.

**Legal Standard**

"Under the 'American rule,' litigants ordinarily are required to bear the expenses of their litigation unless a statute or private agreement provides otherwise." *Carbonell v. I.N.S.*, 429 F.3d 894, 897-98 (9th Cir. 2005). Congress has authorized fee recovery by prevailing parties under the EAJA. *Id.* at 898; 28 U.S.C. § 2412(d)(1)(A). The EAJA directs a court to award reasonable fees and expenses to private parties who prevail in civil litigation against the United States if the position of the United States was not "substantially justified" and no "special circumstances make an award unjust." *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990). "The government bears the burden of demonstrating substantial justification." *Gonzales v. Free Speech Coalition*, 408 F.3d 613, 618 (9th Cir. 2005).

Thus, to obtain an award for EAJA attorney's fees and costs: (1) petitioner must be the prevailing party; (2) the government's position must not be substantially justified, and no special circumstances make an award unjust; and (3) the requested attorney's fees and costs must be reasonable. *See* 28 U.S.C. § 2412(d)(1)(A).

**Analysis**

Respondents first argue that petitioner's motion for attorney's fees must be denied under EAJA because habeas proceedings are not civil actions under 28 U.S.C. § 2412(d)(1)(A). ECF No. 14 at 1-2. The EAJA expressly limits its provision for an award of attorney's fees and expenses to a party that prevails against the United States in a "civil action." 28 U.S.C. § 2412(d)(1)(A). The Supreme Court has found that habeas corpus proceedings are "technically 'civil'" in general. *Schlanger v. Seamans*, 401 U.S. 487, 490 n.4 (1971). The Ninth Circuit Court of Appeals has held that EAJA fees are available in the context of some immigration habeas actions. *Nadarajah v. Holder*, 569 F.3d 906, 924 (9th Cir. 2009); *In re Hill*, 775 F.2d 1037, 1040-41 (9th Cir. 1985). Both the Third Circuit and Tenth Circuit Court of Appeals recently held that the EAJA "unambiguously" encompasses habeas challenges to immigration detention, expressly finding that such proceedings qualify as "civil actions" and that, accordingly, prevailing petitioners are eligible for an award of fees. *See Michelin v. Warden*, 169 F.4th 418, 424-25 (3d

Cir. 2026), *pet. for rehrn'g by panel en banc den'd*, 169 F.4th 160 (3d Cir. 2026); *Daley v. Ceja*, 158 F.4th 1152, 1166 (10th Cir. 2025). In reaching this conclusion, both courts relied, in part, on the EAJA's use of the phrase "*any* civil action (other than cases sounding in tort)" as the qualifying language entitling a prevailing party to seek an award of fees. *See* 28 U.S.C. § 2412(d)(1)(A) (emphasis added). The Supreme Court will consider this issue next term. *Palacios v. Liggins*, No. 25-1223, 2026 WL 1855057 (U.S. June 29, 2026) (granting certiorari).

In light of the Supreme Court's characterization in *Schlanger* that habeas corpus proceedings are "technically 'civil'" actions, coupled with EAJA's applicability to "any" civil action except an expressly identified category of cases inapplicable here (i.e., "other than cases sounding in tort"), I agree with the Third and Tenth Circuit's interpretation that the EAJA unambiguously includes habeas proceedings challenging immigration detention.

This conclusion accords with courts in this Circuit and elsewhere that have held that immigration habeas petitions are civil actions for purposes of fee awards under the EAJA. *See Gurjinder S. v. Warden*, No. 1:26-cv-0188-TLN-CSK, 2026 WL 2110865, at *2 (E.D. Cal. July 22, 2026) ("Courts in this district have held that habeas petitions are civil actions for purposes of fee awards under the EAJA."); *S.F. v. Bostock*, No. 3:25-cv-1084-MTK, 2026 WL 1230044, at *3 (D. Or. May 5, 2026) ("The plain text of the EAJA, as well as the substance of Petitioner's remedy, establish that this [immigration habeas] case is a 'civil action' under the EAJA."); *Krajekian v. Cantu*, No. 25-cv-2666-DJH-CDB) 2026 WL 598226, at *3 (D. Ariz. Jan. 2, 2026), *report and recommendation adopted*, 2026 WL 596300 (D. Ariz. Mar. 3, 2026) (same); *see also Michelin v. Warden*, 169 F.4th 418, 424-25 (3d Cir. 2026) (same); *Daley v. Ceja*, 158 F.4th 1152, 1166 (10th Cir. 2025) (same).

Accordingly, the EAJA applies to this action, and I must determine whether petitioner qualifies for the payment of attorney's fees. Petitioner argues that he is the prevailing party in this litigation, as the court agreed with his position that his immediate release from custody was required under the Constitution, and petitioner obtained "the precise relief sought" in his petition. ECF No. 12 at 4. Respondents do not contest this argument. *See* ECF No. 14. I agree that petitioner is the prevailing party: through this litigation, petitioner obtained his release from

custody through a writ of habeas corpus, ECF No. 10, that protects him from future illegal detention. *See A.S. v. Sec'y U.S. Dep't of Homeland Sec.*, No. 1:26-cv-1039-JLT-EGC, 2026 WL 1847393 (E.D. Cal. June 26, 2026) (finding that petitioner was prevailing party where court ordered release from immigration custody and rejected the respondent's positions on the merits).

To defeat a prevailing party's claim to attorney's fees under the EAJA, the government bears the burden of showing that its position was substantially justified. *Thangaraja v. Gonzales*, 428 F.3d 870, 874 (9th Cir. 2005) (citing *Gonzales v. Free Speech Coal.*, 408 F.3d 613, 618 (9th Cir. 2005)). Respondents argue that their litigation position—that they could mandatorily detain petitioner under section 1225(b)—had a reasonable basis in law and fact based on opinions by the Fifth and Eighth Circuit Court of Appeals. *See* ECF No. 14 at 3-4. Petitioner argues that the government cannot show that its position had a reasonable basis in both law and fact because the agency re-detained him in violation of his constitutionally protected liberty interest in his continued freedom, and this detention was in violation of his clearly established right to due process. ECF No. 12 at 5; ECF No. 15 at 3. Respondents have not argued that their litigation position was substantially justified with respect to the due process ground on which petitioner obtained relief. *See* ECF No. 14 at 3-4.

Petitioner was re-detained by the government when he voluntarily appeared at the ICE office to change his address on December 10, 2025, *see* ECF No. 10 at 1-2, well after many courts had already decided that such re-detention without a pre-deprivation hearing violated due process. *See Pinchi v. Noem*, 792 F.Supp.3d 1025 (N.D. Cal. July 24, 2025); *Barco Mercado v. Francis*, 811 F. Supp. 3d 487, 494 (S.D.N.Y. Nov. 26, 2025) (noting over 350 cases across approximately 50 courts rejecting government's position); *M.R. v. Kaiser*, 791 F. Supp. 3d 1021, 1036-37 (N.D. Cal. 2025) (collecting cases). The Court of Appeals had long made it clear that civil immigration detention must be accompanied by adequate procedural safeguards. *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017). Finally, the Court of Appeals joined five other Circuit Courts of Appeals in holding that the proper detention authority for noncitizens, like petitioner, who have been released into the United States is the discretionary authority in 8 U.S.C. § 1226, not the mandatory detention authority exercised by respondents under 8 U.S.C. § 1225(b).

*See Rodriguez Vazquez v. Bostock*, No. 25-6842, __ F.4th __, 2026 WL 2196424, at *3[1]; *accord Barbosa da Cunha v. Freden*, 175 F.4th 61, 69 (2d Cir. 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Mia.*, 175 F.4th 1258, 1262 (11th Cir. 2026); *Lopez-Campos v. Raycraft*, 175 F.4th 713, 732 (6th Cir. 2026); *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1246 (10th Cir. 2026); *Cirrus Rojas v. Olson*, No. 25-3127, __ F.4th __, 2026 WL 2198315, at *2 (7th Cir. July 30, 2026). Accordingly, I find that the government's position was not substantially justified.

The government has made no argument that the special circumstances exception applies, *see* ECF No. 14, and thus have not borne their burden on that issue. *See Love v. Reilly*, 924 F.2d 1492, 1495 (9th Cir. 1991) (holding that government has burden of proof on that issue).

Lastly, I must determine whether petitioner's attorney fee request is reasonable. In determining what constitutes "reasonable" attorney's fees under the EAJA, "the district court must apply the hybrid approach adopted in *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)." *United States v. $12,248 U.S. Currency*, 957 F.2d 1513, 1520 (9th Cir. 1991). "First, the district court must calculate the lodestar amount by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. Next, in rare instances, the court may increase or reduce the presumptively reasonable lodestar fee on the basis of factors" that are not captured by the lodestar calculation. *Id*. (cleaned up).

The Court of Appeals maintains a list of the statutory maximum hourly attorney rates authorized by the EAJA, adjusted for increases in the cost of living, on its website. *See Thangaraja*, 428 F.3d at 876-77; "Statutory Maximum Rates Under the Equal Access to Justice," available at https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (last visited July 23, 2026). This maximum rate (presently $258.46 for work performed in 2025) controls unless the district court finds that a "special factor" warrants a higher rate. *See Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001). Petitioner's counsel requests the Court of Appeals statutory maximum rate, an hourly rate that I find reasonable. *See* ECF No. 12-2 at 2.

According to the declaration of petitioner's attorney Mario Salgado, the fee request

[1] Because the mandate has yet to issue, the court takes advisory notice of this ruling. *See* Fed. R. App. Pro. 41.

includes the time he spent on emergency intake and factual investigation, legal research and drafting documents, and coordination leading to petitioner's release. ECF No. 12-2 at 3. Counsel has provided a detailed billing ledger to support his fee request. ECF No. 12-4. Counsel spent 18.1 hours on the case. ECF No. 12-2 at 3. Counsel's paralegal spent 6.8 hours, which counsel indicates is billed at the reduced hourly rate of $125.00 an hour. *Id.* The requested attorney fees total $5,528.13. *Id.* Counsel also notes the payment of the $5.00 filing fee for which he requests repayment as a cost. *Id.* Counsel attaches the signed declaration of petitioner in support of the motion. ECF No. 12-2.

For the sake of comparison, in an immigration habeas case involving a similar amount of litigation, the petitioner's three attorneys billed 50.55 hours, which the district court found reasonable and for which the court awarded $25,275. *See S.F.*, 2026 WL 1230044, at *4-6. My experience presiding over a significant number of immigration habeas cases, coupled with the hours found reasonable by other courts in similar cases, demonstrate that counsel's request for total fees and costs of $5,533.13 as compensation for 18.1 attorney hours and 6.8 paralegal hours is reasonable. *See Doe v. Chestnut*, No. 1:25-cv-1372-CDB, 2026 WL 1459808, at *4 (E.D. Cal. May 25, 2026) (awarding $34,518.77 for 131.06 attorney hours and 4.3 paralegal hours); *Gurjinder S.*, 2026 WL 2110865, at *8 (awarding $14,732.22 for 57 attorney hours and 3 legal assistant hours); *N.A.L.C. v. Wofford*, No. 1:25-cv-1917-KES-CDB, 2026 WL 1724739, at *5 (E.D. Cal. June 15, 2026) (recommending award of $7,685.05 for 13.6 attorney hours and 27.8 paralegal hours); *Karla D. R. v. Chestnut*, No. 1:26-cv-1137-TLN-CKD, 2026 WL 1906168, at *2 (E.D. Cal. July 2, 2026) (awarding $6,345.81 in attorney fees for 19.6 attorney hours and 10.2 paralegal hours); *E.A.P.C. v. Wofford*, No. 1:25-cv-1546-JLT-CDB, 2026 WL 1758394 (E.D. Cal. June 18, 2026), *report and recommendation adopted*, 2026 WL 1983910 (E.D. Cal. July 9, 2026) (awarding $5,828.30 for 6.3 attorney hours and 28 paralegal hours); *A.S.*, 2026 WL 1847393, at *2 (recommending award of $3,235.75 for 12.5 attorney hours); *Oscar C.M. v. Knight*, No. 1:25-CV-01915-TLN-SCR, 2026 WL 743350 (E.D. Cal. Mar. 17, 2026) (awarding $2,966.44 for approximately 13 attorney hours).

Respondents argue that the court should decline to award fees for paralegal tasks and

reduce the requested amount accordingly. ECF No. 14 at 4. Although respondents generally point to the detailed billing ledger provided by petitioner at ECF No. 12-4 , they do not specify which fees and tasks they oppose. *Id.* In *Missouri v. Jenkins*, 491 U.S. 274 (1989), the Supreme Court noted that "purely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them." *Id*. at 288, n.10. However, the Supreme Court has also held that EAJA reaches fees for "paralegal services as well as compensation for the attorney's personal labor." *Richlin Sec. Serv. Co. v. Chertoff*, 553 U.S. 571, 581 (2008).

I have reviewed the detailed billing ledger, and I do not see the type of strictly clerical tasks to which respondents object. Many of the tasks conducted by the paralegal in this case, such as cite-checking, obtaining immigration and other records, and preparing an attorney visit packet, are litigation-related tasks that an attorney could also do, but that a paralegal was able to do at a lower hourly rate. *See* ECF No. 12-4. None of them are "purely clerical or secretarial tasks" such as photocopying, filing, serving documents, and organizing records that do not advance the merits of the litigation. *See Nadarajah*, 569 F.3d at 921; *see also Davis v. City & Cnty. of San Francisco*, 976 F.2d 1536, 1543 (9th Cir. 1992), *opinion vacated in part on denial of reh'g*, 984 F.2d 345 (9th Cir. 1993).

Petitioner's counsel indicates that all of the paralegal tasks were on behalf of petitioner's litigation, and not the type of task that "should have been subsumed in firm overhead" rather than billed separately. *See* ECF No. 15 at 7. I find that the litigation-related paralegal tasks are compensable in this matter.

In light of the above, and having found the requested amount reasonable, I recommend that the motion be granted and that attorney's fees be awarded in the amount of $5,533.13.

**Conclusion**

Accordingly, it is HEREBY RECOMMENDED that:

1. Petitioner's motion for the award of attorney's fees, ECF No. 12, be GRANTED;

2. Respondents be ordered to remit to counsel for petitioner's attorney's fees and expenses in the amount of $5,533.13; and

3. This award be made payable to petitioner, but if the Department of the Treasury

determines that petitioner does not owe a federal debt, then respondents shall cause the payment of attorney fees and expenses to be made directly to petitioner's counsel.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: August 25, 2026

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE