UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE BISMARCK T.V.,[1]<br>Petitioner,<br>v.<br>CHRISTOPHER CHESTNUT, et al.,<br>Respondents. | No. 1:26-cv-2129-TLN-JDP<br>**ORDER** |

The Court entered judgment in favor of Petitioner, an immigration detainee, on May 20, 2026. (ECF No. 11.) Petitioner filed a motion for attorney fees (ECF No. 12), which the Court referred to the assigned magistrate judge pursuant to Local Rule 302 (ECF No. 13).

On August 25, 2026, the magistrate judge filed findings and recommendations, which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days. (ECF No. 16.) Respondents filed objections to the findings and recommendations. (ECF No. 18.) Petitioner replied. (ECF No. 19.)

[1] The Court omits Petitioner's full name to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and by proper analysis.

In their objections, Respondents ask this Court to hold its ruling in abeyance pending the Supreme Court's resolution of *Montoya Palacios v. Liggins*, No. 25-1223. (ECF No. 18.) Respondents conclude, without explanation, that holding the ruling in abeyance promotes judicial efficiency and conserves judicial resources and, further, that Petitioner will not suffer prejudice because he has been released from detention. (*Id.*) Petitioner opposes a stay and argues Respondents will not be prejudiced by a ruling, the equities strongly favor immediate payment of fees, and a stay would be "inequitable where Petitioner had to remain incarcerated while counsel litigated to secure the process he was legally entitled to receive" and a stay would require him to bear the financial consequences of Respondents' knowingly unlawful conduct. (ECF No. 19.)

This Court has ruled on this issue before and finds no reason to depart from its prior reasoning. *V.O. v. Noem*, No. 1:25-CV-1796-TLN-JDP, 2026 WL 2568900, at *2 (E.D. Cal. Aug. 28, 2026). The *Landis v. North America Co.* factors weigh against a stay and in favor of finality. 299 U.S. 248 (1936); *Lockyer v. Mirant Corp.*, 398 F.3d 1098 (9th Cir. 2005) (citing *CMAX, Inc. v. Hall,* 300 F.2d 265 (9th Cir. 1962)) (holding court must balance interests of possible damage of stay, hardship or inequity in going forward, and orderly course of justice). The Court agrees with Petitioner that the equities strongly favor immediate payment. A stay would prohibit compensation for Petitioner's counsel in a case in which they are entitled to fees, Petitioner has had to bear the burden of those fees, and Respondents' conduct and position was not substantially justified. (*See* ECF No. 16.) Failing to appropriately compensate attorneys will have a chilling effect on representation for habeas petitioners at a time when this District is experiencing an unprecedented volume of meritorious habeas cases and many petitioners require aid of counsel. Conversely, there is no hardship or inequity to either party in resolving this motion and bringing this case to a close. Indeed, Respondents do not articulate any hardship or inequity that would befall them. Finally, it is in the orderly course of justice to effect swift justice

to Petitioner and counsel and bring finality to this matter, which requires no further litigation or narrowing of issues.

Further, as Petitioner points out, courts in the Ninth Circuit routinely decline to stay attorney's fees motions pending resolution of *Montoya Palacios v. Liggins.* (ECF No. 19 at 2 (citing *Ortiz Landazuri v. Mullin,* No. 5:26-CV-01419-WLH-DFM, 2026 WL 2326095, at *2 (C.D. Cal. Aug. 11, 2026); *Jaraba Oliveros v. Kaiser,* No. 5:25-cv-07117, 2026 WL 2323824, at *3 (N.D. Cal. Aug. 11, 2026); *E.A.P.C. v. Wofford*, No. 1:25-CV-01546-JLT-CDB, 2026 WL 1983910, at *2 (E.D. Cal. July 9, 2026)).)

Accordingly, this Court declines to stay this matter. IT IS HEREBY ORDERED:

1. The findings and recommendations filed August 25, 2026 (ECF No. 16) are ADOPTED in full;

2. Respondents' request that this matter be held in abeyance (ECF No. 18) is DENIED;

3. Petitioner's motion for award of attorney's fees (ECF No. 12) is GRANTED;

4. Respondents shall remit to counsel for Petitioner attorney's fees and expenses in the amount of $5,533.13; and

5. This award is made payable to Petitioner, but if the Department of the Treasury determines that Petitioner does not owe a federal debt, then Respondents shall cause the payment of attorney's fees and expenses to be made directly to Petitioner's counsel.

IT IS SO ORDERED.

DATE: September 21, 2026



TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE